Nancy Curry, Chapter 13 Standing Trustee
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017
TEL: (213) 689-3014
FAX: (213) 689-3055

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION** ||
| IN RE<br><br>SNELL, KENNETH EARL<br><br><br><br><br><br>Debtor | Case No. 2:17-bk-16389-VZ<br><br>Chapter 13<br><br>**TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN UNDER 11 USC §§§1322, 1325 AND 1326; DECLARATION IN SUPPORT; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION UNDER 11 USC §1307**<br><br>Date: September 17, 2018<br>Time: 09:00 AM<br>Ctrm: 1368<br>    255 East Temple Street<br>    Los Angeles, CA 90012 |

The Chapter 13 Standing Trustee hereby objects to the confirmation of the proposed plan because the Debtor has failed to meet all necessary requirements as detailed in the attached declaration and supporting Exhibit A.

THE FAILURE OF THE DEBTOR, OR THE ATTORNEY REPRESENTING THE DEBTOR, TO RESPOND TO THESE OBJECTIONS, APPEAR AT THE CONFIRMATION HEARING AND FAILURE TO PRESENT EVIDENCE THAT ALL REQUIRED PAYMENTS ARE CURRENT MAY RESULT IN DISMISSAL OR CONVERSION OF THE CASE. THEREFORE, the Trustee respectfully requests that confirmation of the plan be denied and for such other relief as the Court may deem appropriate.

DATED: June 30, 2017                                                               /s/ Nancy Curry
                                                                                                   Chapter 13 Standing Trustee

## **DECLARATION OF ERIKA GREEN**

I, ERIKA GREEN, declare as follows:

1. Nancy Curry is the Chapter 13 Standing Trustee in this matter:

   **SNELL, KENNETH EARL , 2:17-bk-16389-VZ**

   I am employed by the Trustee as a staff attorney and am duly qualified to make this declaration. The Trustee has files and records kept by her office in the regular course of business. I have personally reviewed the files and records kept by her office in the within case. The following facts are true and correct within my own personal knowledge and I could and would testify competently thereto if called upon to do so.

2. I object to confirmation of the proposed Plan because of the specific deficiencies which are set forth in the attached Exhibit A which is incorporated herein by reference. All of these deficiencies existed prior to or at the time of the §341(a) Meeting held in this matter.

   I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles, California on June 30, 2017.

DATED: June 30, 2017                                          /s/ Erika Green
                                                              Erika Green

**Debtor:** Kenneth Earl Snell
**Case No.:** 2:17-bk-16389-VZ    §341(a): 06/29/2017    **Debtor attny:** Scott Kosner

# EXHIBIT A

If the Debtor fails to produce the requested documents and fails to resolve the issues set forth in this objection to confirmation, the Trustee will recommend dismissal or conversion of the case for cause and unreasonable delay that is prejudicial to creditors. See 11 U.S.C. §§1307(c) and 1307(c)(1).

Other issues may arise at or before confirmation requiring additional action or information by the debtor and counsel.

The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. § 521(a)(3) and Fed. R. Bankr. P. 4002(4).

**The Trustee will move to dismiss the case if the below deficiencies are not fully addressed timely; that is, not later than 14 days before the confirmation hearing.**

The Debtor has the burden of proof for plan confirmation. See In re Huerta, 137 B.R. 356, 365 (Bankr.C.D.Cal. 1992), In re Wolff, 22 B.R. 510, 512, 9 B.C.D. 451 (B.A.P. 9th Cir., 1982), In re Hill, 268 B.R. 548, 552 (B.A.P. 9th Cir. 2001).

**An Annotated Calendar containing the Chapter 13 Trustee's pending objections to confirmation will be posted at least 10 days before the hearing at: http://curry.trustee13.com for Judge Zurzolo's Confirmation Hearing.**

| Objection | Possible Resolution |
|---|---|
| **Payments are not Current** | |
| Declaration attesting that all deed of trust (mortgage) payments are current has not been filed pursuant to LBR 3015-1(m). | Comply with LBR 3015-1. |
| **Feasibility** | |
| The Plan is infeasible. See 11 U.S.C. § 1325(a)(6).<br><br>1. There is no provision for certain claims: IRS | Review the Claims Register.<br>Demonstrate plan feasibility. |
| **Best Effort** | **Hamilton v. Lanning, 130 S.Ct. 2464 (2010)** |
| The Plan does not represent the best effort of the Debtor. See 11 U.S.C. § 1325(b)(1)(B).<br>− .<br><br>• The Debtor has failed to **commit all disposable income** to the Plan:<br>− Debtor's monthly net income of $1,214 is greater than Debtor's plan payment of $1,200. | Amend. |

**Debtor:** Kenneth Earl Snell
**Case No.:** 2:17-bk-16389-VZ        **§341(a):** 06/29/2017        **Debtor attny:** Scott Kosner

| **Liquidation** | |
|---|---|
| The Plan provides less for general unsecured creditors than they would receive in Chapter 7. See 11 U.S.C. § 1325(a)(4).<br><br>1. The Plan's own liquidation analysis reflects that general unsecured creditors must receive at least 26.77% whereas the Plan provides 1%.<br>2. Debtor's assets appear to be undervalued. A more accurate valuation would result in an increased percentage paid to unsecured creditors. | Unsecured creditors must receive at least the present value of what they would have received under a Chapter 7 liquidation.<br><br>Provide documentation evidencing fair market value of real property. |
| **Income** | |
| The Debtor has failed to timely (7 days before the § 341(a) debtor examination) provide:<br><br>1. Payment documentation to prove income received during the sixty days preceding the date of the petition. 11 U.S.C. § 521(a)(1), LBR 3015-1(c)(3).<br><br>2. Complete copies of Federal and State Income Tax Returns, including W-2s, 1099s (or other supporting documentation) for the most recently ended calendar year. 11 U.S.C. § 521(e)(2), LBR 3015-1(c)(3).<br><br>3. The contributor's proof of income. | • Provide documentation evidencing income: social security for Debtor and non-filing spouse, non-filing spouse's pension income, non-filing spouse's teaching and church income<br>• Provide copies of 2014-2016 Federal and State Income Tax Returns.<br>• File a contribution declaration with the court and provide income documentation evidencing contributor's ability to make the stated contribution amount. |
| **Future Tax Refunds** | **In re Diaz, 459 B.R. 86 (Bankr. C.D. CA. 2011)** |
| The Debtor must commit all disposable income including tax refunds received during the term of the Plan. Any state and federal income tax refunds that are issued to the debtor during the plan term shall be paid to the Chapter 13 Trustee. 11 U.S.C. § 1325(b)(1)(B); See In re Diaz, 459 B.R. 86 (Bankr. C.D. CA. 2011). | The order confirming the plan shall include a provision that Debtor must tender yearly tax refunds to the Chapter 13 Trustee. |

# PROOF OF SERVICE DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (specify) **TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN UNDER 11 USC §§§1322, 1325 AND 1326; DECLARATION IN SUPPORT; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION UNDER 11 USC §1307** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 30, 2017, I checked the CM/ECF document for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**2. SERVED BY UNITED STATES MAIL:**
On June 30, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| SNELL, KENNETH EARL | SCOTT KOSNER |
| | LAW OFFICES OF TYSON TAKEUCHI |
| 417 E MENDOCINO ST | 1055 WILSHIRE BLVD., STE. 850 |
| ALTADENA, CA 91001 | LOS ANGELES, CA 90017- |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 30, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
Bin outside of Suite 1360
255 East Temple Street
Los Angeles, CA 90012

I declare under penalty of perjury that the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| June 30, 2017 | Carlos Robles | /s/ Carlos Robles |
| Date | Type Name | Signature |